**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Case No. 4:09cr70(7) |
| | § | (Judge Crone) |
| | § | |
| KYLA ELAINE KIRBY | § | |

### DEFENDANT'S SENTENCING MEMORANDUM

TO THE HONORABLE MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE:

COMES NOW, the Defendant herein, KYLA ELAINE KIRBY,  through undersigned counsel, pursuant to 18 U.S.C. § 3553(a) and § 3661 and provides this Court with relevant information to consider in determining a reasonable sentence to impose in this case.   The overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence that is sufficient, but not greater than necessary to comply with the four purposes of sentencing set forth in § 3553(a)(2), those being retribution, deterrence, incapacitation, and rehabilitation.  In determining a sentence that complies with that mandate, the Defendant asks that this Court consider the Guidelines and all other relevant factors in determining a sentence that is no greater than necessary to achieve those goals.

### I.

### INTRODUCTION

On May 14, 2009, Defendant, along with nine other Co-Defendants, was indicted for Conspiracy to Distribute or Possess with Intent to Distribute or Dispense Methamphetamine and

GHB from some time in 2007 until the filing date of the Indictment herein.

Defendant was arrested on June 2, 2009, and was released on pretrial bond conditions at her Initial Appearance.  She was placed back in custody on June 8, 2009, at her Arraignment for testing positive for the use of methamphetamine, but was re-released on bond with Pretrial Services supervision by Magistrate Judge Bush on July 9, 2009.  Defendant has remained on release under pretrial supervision since that date, and has been fully compliant with all conditions of her release since that date.

On August 27, 2009, pursuant to a written Plea Agreement signed on August 11, 2009, Defendant pled guilty to Count 1 of the Indictment, and factually admitted to her involvement in this case concerning distribution of GHB.  According to paragraphs 11 and 19 of the Presentence Investigation Report (PSR), Defendant admitted to her participation in the offense, and states she is remorseful for her conduct.  She has met personally with agents and investigators for the Government on a number of occasions to discuss her involvement in the offense and to assist the Government in the prosecution of others involved.  In fact, Ms. Kirby began cooperating with authorities at the Dallas Police Department, Narcotics Division, shortly after the incident on February 18, 2008, outlined in Paragraph 7 of the PSR, long before the Indictment was returned in this case on May 14, 2009.

## II.

## CHARACTERISTICS OF THE DEFENDANT

Ms. Kirby is almost twenty-nine (29) years old, with no prior juvenile record or any felony convictions as an adult.  She successfully completed a deferred adjudication probation for Forgery out of Dallas County, Texas, assessed in 1999.  All of her other criminal history points are the

result of three (3) misdemeanor offenses, one of which occurred prior to her arrest in this case but was recently disposed of on September 18, 2009, prior to sentencing in this case.

Although, Ms. Kirby withdrew from school in the ninth grade, it appears from the PSR that she is motivated to obtain her GED and work on her higher education in the future.

Ms. Kirby appears to have the ability to be gainfully employed to be able to support herself. It appears that she is in relatively good physical condition, and although she has had significant mental and emotional issues in the past, she has received, and has continued to receive while on pretrial supervision, appropriate and effective treatment and counseling to resolve these issues. (See paragraph 36 of the PSR).  There is indication that Ms. Kirby has also had significant substance abuse problems in the past, and she has an interest in continuing any treatment that is recommended in addition to what she has been receiving while on pretrial release.

Based upon the above, Defendant submits that the range of imprisonment listed in the Presentence Investigation Report (PSR) fails to properly account for mitigating factors present in this case, and produces a sentence that is greater than necessary to achieve the goals of sentencing under the sentencing mandate of § 3553(a).  This Court is no longer constrained to the penalties produced by the Guidelines and may take many mitigating factors into consideration when determining a reasonable sentence.  Accordingly, the following arguments and requests are presented for this Court's consideration under the Guidelines, 18 U.S.C. § 3553(a), § 3561(c)(1), and § 3661.

**III.**

**THIS COURT SHOULD CONSIDER THE ADVISORY GUIDELINES ALONG WITH ALL RELEVANT FACTORS UNDER 18 U.S.C. § 3553(A) AND § 3661 IN DETERMINING A SENTENCE THAT IS NO GREATER THAN NECESSARY TO ACHIEVE THE PURPOSES OF SENTENCING.**

Now that the Guidelines are merely advisory, this Court has the ability and the discretion to impose a punishment that satisfies the goals of sentencing, without having to defer to the specific penalties provided in the Guidelines.

**(A)     The Section 3553(a) Sentencing Mandate**

Section 3553(a) is comprised of two distinct parts: the sentencing mandate contained in the prefatory clause of Section 3553(a) and the factors to be considered in fulfilling that mandate. The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing set forth in § 3553(a)(2), those being retribution, deterrence, incapacitation, and rehabilitation.

In determining the sentence minimally sufficient to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentence available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1);(a)(3)-(7); (Emphasis Added).

Under § 3553(a), sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration. Prior to Booker/Fanfan, the § 3553(a)

requirement that the sentencing judge "consider" all of the factors enumerated in that section had uncertain import.  Now, with the mandatory duty to apply the Guidelines excised, the duty imposed by § 3553(a) to consider numerous factors acquires renewed significance.  In fact, after Booker, no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.  18 U.S.C. § 3661.  This statutory language overrides the now-advisory policy statements in Chapter Five, Part H of the Sentencing Guidelines, which lists as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, education, vocational skills, mental and emotional conditions, physical condition and employment record.

The Fifth Circuit has agreed that, after Booker, the Guidelines must only be considered, and that other factors under § 3553(a) should also be used to determine the appropriate sentence. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005).  Despite the recognition of the § 3553(a) sentencing mandate, the Fifth Circuit has also held that properly calculated sentences under the Guidelines are entitled to a presumption of reasonableness.  United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).  However, in determining whether a sentence is reasonable under Booker, a sentencing court should still defer to § 3553(a).  United States v. Smith, 417 F.3d 483, (5th Cir. 2005).  Accordingly, this Court should consider all factors, even factors prohibited by the former mandatory Guidelines, in determining the type of sentence that satisfies the sentencing mandate of § 3553(a).

The Defendant asks that this Court utilize its new discretion and duty to impose a reasonable sentence independent of the guideline range calculations, in accordance with the

sentencing mandate under § 3553(a).

**(B)    A Sentence Within the Guideline Range is Greater than Necessary to Achieve the Goals of Sentencing, Rebutting the Presumption of Reasonableness.**

Although the Fifth Circuit has found that a sentence within the Guidelines is presumptively reasonable, mitigating factors are present in this case demonstrating that a sentence within that range is greater than necessary to achieve the goals of sentencing, rebutting that presumption. United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006), United States v. Smith, 417 F.3d 483, 490 (5th Cir. 2005).

**1.    The Defendant's History and Characteristics, Age, and  Employment History, as well as her Performance and Improvement while on Pretrial Release, Make it Unlikely that the Defendant will be a Recidivist.**

It appears that Ms. Kirby has in the past been able to be gainfully employed to support herself, and to be a contributing member of society.  She certainly possesses the ability and experience to engage in legitimate employment to accomplish this goal, and appears to want to complete and further her education as indicted in the PSR.  The Defendant asks that this Court take these factors into consideration at sentencing, and would urge the Court, in its role in fulfilling the mandate of a sufficient sentence that is no greater than necessary, to place her on five (5) years probation pursuant to 18 U.S.C. § 3561(c)(1), or alternatively, a reduced non-guideline sentence deemed appropriate by this Court.

**2.    Probation is a "Kind of Sentence" available in this Case That Will Protect the Public, and Avoid Unnecessary Costs of Incarceration.**

As stated, Ms. Kirby has no prior felony convictions, with only her prior misdemeanor criminal history placing her in Criminal History Category III under the Guidelines. She has clearly shown that she can abide by whatever probation conditions the Court might place on her based

upon her successful completion of deferred adjudication probation in the past.  A strict probation regime would allow Ms. Kirby to continue to work toward becoming a productive member of society, support herself, and continue with the counseling and treatment she has been involved in successfully while on pretrial release in this case.  Ms. Kirby requests the opportunity to demonstrate to the Court that she does not have to be a burden on society by being sent to prison, and can be a productive citizen.

## IV.

## <u>CONCLUSION</u>

Ms. Kirby's history, characteristics and current circumstances support the argument that the Court should not necessarily follow the Sentencing Guidelines in this cause.  Sentencing Ms. Kirby to probation would clearly be sufficient and appropriate in fulfilling the Court's statutory duty under 18 U.S.C. § 3553(a).  Ms. Kirby is requesting the Court to sentence her to five years probation as authorized by 18 U. S. C. § 3561, or alternatively, a reduced non-guideline sentence deemed appropriate by this Court.

Respectfully submitted,

**MUNSON, MUNSON, CARDWELL & TILLETT**
Post Office Box 1949
123 South Travis Street
Sherman, Texas  75091-1949
Telephone:  (903) 893 - 8161
Facsimile:  (903) 893 - 1345

By:___/s/ Garland D. Cardwell_____
**Garland D. Cardwell**
State Bar Number 03790600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was

served by electronic transmittal by CM/ECF to opposing counsel, on this ___18th___ day of February,

2010.

_____/s/ Garland D. Cardwell_____

**Garland D. Cardwell**
